# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

INJURYLOANS.COM, LLC; )
ADAM STOKES, )
                   Plaintiffs, )
vs. )
SERGIO BUENROSTRO, *et al.*, )
                   Defendants. )

Case No.: 2:18-cv-01926-GMN-VCF

**ORDER**

Pending before the Court is Plaintiffs InjuryLoans.com, LLC ("Injury Loans") and Adam Stokes's ("Stokes") (collectively, "Plaintiffs') Motion to Dismiss the Counterclaim, (ECF Nos. 22, 24). Defendant Sergio Buenrostro ("Defendant") filed a Response, (ECF No. 25), and Plaintiffs filed a Reply, (ECF No. 26). For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion.

**I.**     **BACKGROUND**

This case arises from allegations that Defendant misappropriated Plaintiffs' funds and fraudulently represented an authorization to sell loans belonging to Plaintiff Injury Loans to retain the proceeds. (Compl. ¶¶ 18–56, ECF No. 1). Plaintiffs accordingly filed their Complaint on October 5, 2018, asserting the following claims for relief against Defendant: (1) fraud/intentional misrepresentation; (2) civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68, and Nevada Revised Statute 207.470; (3) unjust enrichment; and (4) civil conspiracy. (*Id.* ¶¶ 83–151).

On May 1, 2019, Defendant filed his Answer to the Complaint and a Counterclaim against Plaintiffs for "wrongful use of civil process." (Answer/Counterclaim, ECF No. 19). Twenty-one days later, Plaintiffs moved for dismissal of Defendant's Counterclaim pursuant to

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

INJURYLOANS.COM, LLC; )
ADAM STOKES, )
                   Plaintiffs, )
vs. )
SERGIO BUENROSTRO, *et al.*, )
                   Defendants. )

Case No.: 2:18-cv-01926-GMN-VCF

**ORDER**

Pending before the Court is Plaintiffs InjuryLoans.com, LLC ("Injury Loans") and Adam Stokes's ("Stokes") (collectively, "Plaintiffs') Motion to Dismiss the Counterclaim, (ECF Nos. 22, 24). Defendant Sergio Buenrostro ("Defendant") filed a Response, (ECF No. 25), and Plaintiffs filed a Reply, (ECF No. 26). For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion.

**I.**     **BACKGROUND**

This case arises from allegations that Defendant misappropriated Plaintiffs' funds and fraudulently represented an authorization to sell loans belonging to Plaintiff Injury Loans to retain the proceeds. (Compl. ¶¶ 18–56, ECF No. 1). Plaintiffs accordingly filed their Complaint on October 5, 2018, asserting the following claims for relief against Defendant: (1) fraud/intentional misrepresentation; (2) civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68, and Nevada Revised Statute 207.470; (3) unjust enrichment; and (4) civil conspiracy. (*Id.* ¶¶ 83–151).

On May 1, 2019, Defendant filed his Answer to the Complaint and a Counterclaim against Plaintiffs for "wrongful use of civil process." (Answer/Counterclaim, ECF No. 19). Twenty-one days later, Plaintiffs moved for dismissal of Defendant's Counterclaim pursuant to

Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss, ECF Nos. 22, 24).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss becomes a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III. DISCUSSION

Defendant's Counterclaim for "wrongful use of civil process" (which courts more commonly refer to as the cause of action "abuse of process") concerns allegations that Plaintiffs initiated this lawsuit to achieve an advantage in ongoing investigations against them. (Resp. 7:9–15, ECF No. 25). Plaintiffs seek dismissal of this Counterclaim on the ground that Defendant does not plead sufficient factual content to plausibly support a claim. (Mot. Dismiss 7:14–15, ECF No. 24).

### A. Motion to Dismiss

To allege a cause of action for abuse of process, the claimant must allege two elements: (l) an ulterior purpose by the opposing party other than resolving a legal dispute, and (2) a willful act in the use of the legal process that is "not proper in the regular conduct of the proceeding." *Kovacs v. Acosta*, 787 P.2d 368, 369 (Nev. 1990). An ulterior purpose is "any improper motive underlying the issuance of legal process." *Posadas v. City of Reno*, 851 P.2d

438, 445 (Nev. 1993) (citing *Laxalt v. McClatchy,* 622 F. Supp. 737, 751 (D. Nev. 1985)).

Courts applying Nevada law have consistently held that the mere filing of a complaint is insufficient to establish abuse of process. *McClatchy*, 622 F. Supp. at 752; *Ging v. Showtime Entertainment, Inc.*, 570 F. Supp. 1080, 1083 (D. Nev. 1983) (finding that, under Nevada law, the initiation of a lawsuit does not constitute the tortious act required as one of the elements of abuse of process); *Rashidi v. Albright*, 818 F. Supp. 1354, 1358–59 (D. Nev. 1983) (same); *Bricklayers & Allied Craftsmen, Local Union No. 3 v. Masonry and Tile Contractors Ass'n of Southern Nevada*, 1990 U.S. Dist. LEXIS 18520, at *28 (D. Nev. 1990) ("Plaintiffs must include some allegation of abusive measures taken after the filing of the complaint in order to state a claim."). By contrast, examples of where abuse of process has occurred include a party filing numerous motions solely for the purpose of coercing a settlement; or a plaintiff initiating a lawsuit without adequate investigation beforehand, without seeking necessary evidence, and knowing that there is no basis for the lawsuit. *See McClatchy,* 622 F. Supp. at 752; *Bull v. McCuskey*, 615 P.2d 957, 960 (Nev. 1980), *abrogated on other grounds by Ace Truck & Equip. Rentals, Inc. v. Kahn*, 746 P.2d 132 (Nev. 1987).

Here, Defendant's Counterclaim falls short of presenting a plausible cause of action for abuse of process because the supporting allegations are conclusory, unwarranted deductions of fact, or unreasonable inferences when considering the Counterclaim in its entirety. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Defendant comes closest to the applicable pleading standard when stating that Plaintiffs "brought suit to deflect [their] own misconduct onto a convenient scapegoat." (Answer/Counterclaim ¶¶ 9–10, ECF No. 19). But even that allegation lacks factual content that would plausibly state an ulterior purpose or abusive practice outside the regular course of proceedings. In fact, it shows the opposite; it supports the common-place practice in litigation of petitioning a neutral factfinder to determine guilt. *See Mirch v. Frank*, No. CV-N-010443-ECR-RAM, 2002 WL 35652000, at *2 (D. Nev.

Feb. 21, 2002). Similarly failing to show conduct outside the course of regular proceedings is Defendant's allegation that Plaintiffs "intended to have [Defendant] fail to defend the action or otherwise extort or coerce [Defendant], if appearing to defend, to succumb to oppressive expenses within the process abandon his defense." (Answer/Counterclaim ¶ 16). While that assertion supports an attempt to prevail at a lawsuit and force potential costs on Defendant, it does not allege that Plaintiffs' claims lack any potential merit or were brought without appropriate investigation. The allegation is thus crucially distinct as a matter of law from decisions that have permitted an abuse of process claim based on circumstances surrounding the initiation of a lawsuit. *See Bull*, 615 P.2d at 960.

Defendant's next closest allegation to showing an abusive practice is the statement that Plaintiffs "misrepresented their purported ignorance of Counterclaimant's actions where such actions were directed and authorized by Counterdefendants." (Answer/Counterclaim ¶ 14). However, neither that statement nor those related to it identify the actual content of the at-issue misrepresentations or where and when they were made. The statement thus does not provide adequate notice of the grounds on which it rests. *See Bell Atl. Corp.* 550 U.S. at 555.

Defendant's remaining allegations are boilerplate recitations of the elements for an abuse of process cause of action, which are insufficient to plead a plausible claim. (*Cf. id.* ¶¶ 15–20) (alleging, for example, that Plaintiffs "utilized the protections afforded in a judicial proceeding to defame this Counterclaimant," and Plaintiffs "acted with the intention of obtaining a minimally-defended judicial decision for the purpose of falsely exonerating themselves from misconduct and liability"). Accordingly, because Defendant's Counterclaim does not include sufficient factual allegations to support a plausible claim for abuse of process, the Court grants Plaintiffs' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The next issue is whether Defendant should have leave to amend.

**B. Leave to Amend**

Courts should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should only be denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

It is not clear from the Counterclaim or the parties' briefing that Defendant is unable to cure the pleading deficiencies outlined in this Order. Because Defendant may be able to assert additional factual allegations of abusive actions by Plaintiffs in litigation, the Court grants him leave to amend.

Nevertheless, the Proposed Amended Counterclaim that Defendant attached to his Response, (Ex. 1 to Resp., ECF No. 25), also fails to satisfy the applicable pleading requirements. The central deficiency with Defendant's abuse of process counterclaim, as noted above, is the absence of factual allegations about what specific actions constitute abusive conduct outside a regular course of proceedings. Defendant's Proposed Amended Counterclaim merely adds vague allegations that Plaintiffs "have used process in this action for ulterior collateral impact not regular in the course of these proceedings," and that Plaintiffs "knowingly and intentionally misrepresented facts within the legal process of this action." (Proposed Am. Counterclaim ¶¶ 2–10, Ex. 1 to Resp., ECF No. 25). These statements do not identify what misrepresentations Plaintiffs "knowingly and intentionally" made; nor do they plausibly state acts outside the course of proceedings that rise to the level of abusing judicial process. These proposed additions are thus inadequate because they constitute boilerplate, conclusory allegations devoid of factual content. Consequently, while the Court grants Defendant leave to amend the counterclaim, the currently proposed amendment is insufficient.

If Defendant elects to amend the Counterclaim in light of this Order, Defendant has twenty-one days from the date of this Order to do so.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss the Counterclaim, (ECF Nos. 22, 24), is **GRANTED**. Defendant shall have twenty-one days from the date of this Order to amend the "wrongful use of civil process" counterclaim. Failure to timely amend the counterclaim against Plaintiffs will constitute abandonment, which will result in the Court's dismissal of the counterclaim with prejudice.

**DATED** this __11__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court