# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| INJURYLOANS.COM, LLC, *et al.*, | |
| Plaintiffs, | 2:18-cv-01926-GMN-VCF |
| vs. | **ORDER** |
| SERGIO BUENROSTRO, *et al.*, | |
| Defendants. | Motion to Amend Scheduling Order [ECF No. 65]; Motion to Amend Complaint [ECF No. 66]; Motion to Strike [ECF No. 71] |

Before the Court are plaintiffs InjuryLoans.com, LLC and Adam Stokes motions to amend the scheduling order and to amend the complaint (ECF Nos. 65 and 66). Also before the Court is defendant Sergio Buenrostro's motion to strike (ECF No. 71). The Court grants the plaintiffs' motions (ECF Nos. 65 and 66) and denies defendant Buenrostro's motion (ECF No. 71).

**I.   Background**

This case arises from allegations that defendant Buenrostro misappropriated plaintiffs' funds. (ECF No. 1). Plaintiffs argue in their motion for leave to amend the scheduling order to extend the deadline to amend the complaint that they have good cause to amend because they recently discovered new evidence. (ECF No. 65 at 3). Plaintiffs argue in their motion for leave to amend the complaint it discovered new evidence regarding alleged fraud after the deadline to amend pleadings. (ECF No. 66 at 3).

Defendant Buenrostro argues in his response to the motions to amend the scheduling order and the complaint that the plaintiffs could have added their new claims and the new defendants before they received the new discovery. (ECF Nos. 75 at 3 and 76 at 2). Defendant Citibank argues in its response to

the motions to amend the scheduling order and the complaint that allowing the plaintiffs to amend would prejudice it. (ECF No. 77 at 2). Plaintiffs argue in support of their motions to amend that they did not have the bank records to support their amendment before the deadline to amend expired. (ECF No. 95 at 3).

Defendant Buenrostro argues in his motion to strike that the plaintiffs have used public filings to falsely assert he is a convicted felon. (ECF No. 71 at 3). Plaintiffs argue in their response that their allegations that Buenrostro is a convicted felon are made in good faith. (ECF No. 83 at 2). Defendant Buenrostro argues in his reply that the criminal record the plaintiffs reference are not felony convictions. (ECF No. 88 at 3).

## II. Discussion

### A. Motions to Amend

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4). The good cause requirement of Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Regarding diligence, "the focus of the inquiry is upon the moving party's reasons for modification." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (1992).

The Court finds that the plaintiffs have demonstrated good cause to amend the scheduling order and the complaint because they discovered new evidence after the deadline to amend. See, e.g., *Behroozi v. New Albertsons, Inc.*, No. 2:11-CV-579 JCM NJK, 2014 WL 1765248, at 1 (D. Nev. Apr. 30, 2014) ("the record shows that [the moving party] quickly discovered this evidence… and promptly filed the instant motion upon making that discovery"). Defendant Buenrostro's argument that the plaintiffs could have included their new allegations before they discovered the bank records is unavailing because the

plaintiffs allege that the new evidence supports new factual contentions. The Court finds that the plaintiffs' motions to amend were not made in bad faith and will not cause undue delay or prejudice to any of the parties because the parties recently agreed to extend discovery. The Court grants both motions.

### B. Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may act, "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). "Federal courts disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Dannenbring v. Wynn Las Vegas, LLC*, 907 F.Supp.2d 1214, 1218 (D. Nev. 2013), citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (internal citations omitted), rev'd on other grounds 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). "Factual allegations in a pleading, as opposed to legal conclusions, must be presumed to be true…Factual allegations in the complaint (or answer) must be tested through normal mechanisms for adjudicating the merits." *In re Mortgages, Ltd*., 771 F.3d 623, 632-33 (9th Cir. 2014), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (other citations omitted).

The plaintiffs pled that they have a good faith belief that defendant Buenrostro has a criminal record and is a felon. "In signing the complaint upon information and belief, [the adverse party] thus did not 'personally attest' to any facts." *Cf., McCabe v. Hart*, 357 Fed. Appx. 151, 152 (9th Cir. 2009)(citing *Kalina v. Fletcher*, 522 U.S. 118, 118 S.Ct. 502 (1997)). The parties are in the middle of discovery and the Court will not decide disputed issues of fact now. There is no basis to strike the factual allegations that the plaintiffs allege they made in good faith and have a possible relation to the controversy. The Court thus denies defendant Buenrostro's motion to strike.

3

ACCORDINGLY,

IT IS ORDERED that plaintiffs InjuryLoans.com, LLC and Adam Stokes's motion to amend the scheduling order (ECF No. 65) is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to amend its complaint (ECF No. 66) is GRANTED.

IT IS FURTHER ORDERED that plaintiffs have until Wednesday, April 29, 2020 to file their amended complaint.

IT IS FURTHER ORDERED that defendant Sergio Buenrostro's motion to strike (ECF No. 71) is DENIED.

DATED this 22nd day of April 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE