*The Above Space Reserved for the Clerk of Court*

GALLAGHER LAW, Prof. Corp.
Kathleen H. Gallager, Esq.
Nevada State Bar Number 15043
1850 East Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
Telephone: (702) 744-8086
Email: kathleen@legalmusclelv.com

ANDERSEN & BROYLES, LLP
Karl Andersen, Esq.
Nevada State Bar Number 10306
5550 Painted Mirage Road, Suite 320
Las Vegas, Nevada 89149
Telephone: (702) 220-4529
Facsimile:  (702) 834-4529
Email: karl@andersenbroyles.com
*Attorneys for Plaintiffs Injury Loans.com, LLC and Adam Stokes*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| INJURYLOANS.COM, LLC, a Nevada entity; ADAM STOKES, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SERGIO BUENROSTRO, an individual; SANDRA MARTINEZ, an individual; CITIGROUP, INC. (dba "Citibank"), an entity; S&S MARKETING CONSULTING, LLC, a Nevada limited liability company<br><br>Defendants. | Case No.: 2:18-cv-01926-GMN-VCF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER** |

The parties enter into this Stipulated Confidentiality Agreement and Protective Order pursuant to Fed. R. Civ. P. 26(c) and 29. Plaintiffs and Defendants are collectively referred to as the "Parties" in this Stipulation and individually as "Party."

The Parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, and/or deposition testimony. This action concerns allegations of fraud, conversion and related causes of action. The Parties may request and/or exchange documents and information that is confidential to the Parties or third parties and thus have agreed and stipulated to the entry of this Order for the protection of business records, information, financial records, trade secrets, confidential records, medical documents, commercial information, and related information produced or otherwise disclosed by the Parties in this action.

Whereas, the Parties desire to produce certain documents or other materials that contain proprietary and/or confidential information; it is hereby stipulated and agreed, by and between the Parties hereto, through their respective counsel of record, that:

1. **Applicability of this Protective Order:** Subject to Section 2 below, this Protective Order will govern any trial proceedings and discovery and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, responses to requests for production of documents, and all other discovery obtained pursuant to Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a party or witness in connection with this action (this information hereinafter shall be referred to as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties and nonparties that give testimony or produce documents or other information in connection with this action; "Receiving Party" shall refer to the parties in this

action that receive such information, and "Authorized Recipient" shall refer to any person or entity authorized by Sections 8 and 9 of this Protective Order to obtain access to Confidential Information, or the contents of such Discovery Material.

2. **No Waiver.** This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence at trial. Additionally, this Protective Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege, work product doctrine, or any other privilege or protection provided under the law.

3. **Designation of Information**: Any Producing Party may designate Discovery Material that is in its possession, custody, or control produced to a Receiving Party as "Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains nonpublic, confidential information as defined in Sections 4 and 5 below. A Party may also request that information obtained by subpoena by another party be deemed "Confidential".

4. **Confidential Information.** For the purposes of this Order, "Confidential Information" shall mean all information or material which is or has been produced or disclosed to a Receiving Party during the course of this litigation, whether embodied in physical objects, documents, or the factual knowledge of persons, which has been designated in writing as "Confidential" by the Disclosing Party. "Confidential Information" means any information that constitutes, reflects, or discloses nonpublic information, know-how, or other financial, proprietary, commercially sensitive, confidential business, marketing, regulatory, or strategic information. Confidential Information shall also include sensitive personal information that is not otherwise publicly available. Any Producing Party that produces information during discovery in

this action and has a good faith and reasonable basis for claiming that such information constitutes confidential and/or proprietary information may designate such information as "Confidential."

5. **Designating Confidential Information.** Confidential documents shall be so designated by a party in the legend as "CONFIDENTIAL," and/or stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the Producing Party. If Confidential Information is produced via an electronic form on a computer readable medium, other digital storage medium, or via Internet transmission, the Producing Party or Designating Party shall affix in a prominent place on the storage medium or container file on which the information is stored, and on any container(s) for such medium, the legend "Includes CONFIDENTIAL INFORMATION." Nothing in this section shall extend confidentiality or the protections associated therewith to any information that does not otherwise constitute "Confidential Information" as defined. Notwithstanding anything else in this Order, the Parties may stipulate to, and/or any Party may move the Court for, confidentiality protections in addition to those provided in this Order.

6. **Inadvertent Failure to Designate.** A Party's inadvertent or unintentional failure to designate information as Confidential shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential Information. Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify all Receiving Parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. Disclosure of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this section shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, all parties shall treat such information as though properly designated, and shall take any actions necessary to prevent any future unauthorized disclosure, use, or possession, as well as reasonable remedial actions to retrieve any information that may have been disclosed to an unauthorized person, including following the procedure in section 14 below.

7. **Persons Authorized to Receive Confidential Information.** Confidential Information produced pursuant to this Protective Order may be disclosed or made available only to the Court, its employees, other court personnel, any discovery referee, mediator or other official who may be appointed by the Court, and to the persons below:

8.
   a. A parties' attorney(s), but not directly to their client(s), except to the extent the parties agree to disclose to a particular attorney's client by separate agreement;

   b. Consultants or expert witnesses (together with their support staff) retained for the prosecution or defense of this litigation, provided that such an expert or consultant is not a current employee of a direct competitor of a party named in this action;

   c. Court reporter(s) and videographers(s) employed in this action;

   d. Any authors or recipients of the Confidential Information, who are named within the document itself or are otherwise stipulated to have been authors or recipients;

   e. Any other person as to whom the parties in writing agree or that the Court in these proceedings so designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (a) through (e) hereinabove shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. In the event of the filing of such a motion, Confidential Information may not be disclosed to such person until the Court resolves the issue. Proof of each written agreement provided for under this Section shall be maintained by each of the parties while this action is pending and disclosed to the other parties upon request or upon order of the Court.

9. **Use of Confidential Information.**  Except as provided herein, Confidential Information designated or marked shall be maintained in confidence, used solely for the purposes of this action, to the extent not otherwise prohibited by an order of the Court, shall be disclosed to no one except those persons identified herein in Sections 8 and 9, and shall be handled in such manner until such designation is removed by the Designating Party or by order of the Court. Confidential information produced by another party shall not be used by any Receiving Party for any commercial, competitive, or personal purpose.  Nothing in this Protective Order shall govern or restrict a Producing Party's use of its own Confidential Information in any way.

10. **Use of Confidential Information in Depositions.**  Counsel for any party shall have the right to disclose Confidential Information at depositions, provided that such disclosure is consistent with this Protective Order.  However, unless agreed in writing by the parties, no documents deemed CONFIDENTIAL should be attached to any transcript, but should be identified by bates number.

11. **Filing of Confidential Information with Court.**  Any party seeking to file or disclose materials designated as Confidential Information with the Court in this Action must file in accordance with LR IA 10-5.  The Designating Party will have the burden to provide the Court with any information necessary to support the designation as Confidential Information.  Nothing in this section shall preclude a party from challenging a designation in accordance with Section 16 below.

12. **Knowledge of Unauthorized Use or Possession.**  If a party receiving Confidential Information learns of any possession, knowledge, use, or disclosure of any Confidential Information in violation of the terms of this Protective Order, the Receiving Party shall immediately notify in writing the party that produced the Confidential Information.  The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use, or disclosure.  With respect to such unauthorized possession, knowledge, use, or disclosure the Receiving Party shall assist the Producing Party in remedying the disclosure (*e.g.*,

1  by retrieving the Confidential Information from an unauthorized recipient) and/or preventing its
2  recurrence.

3  13.  **Challenges to Designations.**  If, at any time, counsel for the Receiving Party
4  believes that the Producing Party has unreasonably designated certain information as
5  Confidential Information, the Receiving Party may object in writing to the designation within
6  thirty (30) days of the disclosure and designation of Confidential Information at issue.  If the
7  Parties are unable to confer and agree on the designation, then the Receiving Party may timely
8  file a motion with the Court asserting its challenge to the designation.  The Party claiming
9  Confidential Information shall have the burden of establishing confidentiality.  Any contested
10 information shall continue to be treated as confidential and subject to this Protective Order until
11 such time as such motion has been ruled upon.

12 14.  **Reservation of Rights.**  This Order shall be without prejudice to the rights of the
13 Parties to present a motion to the Court under applicable Federal Rules of Civil Procedure for a
14 separate protective order as to any particular document or information, including restrictions
15 differing from those as specified herein.  This Order shall not be deemed to prejudice the Parties
16 in any way in any future application for modification of this Order.  Such motion, however, shall
17 only be made after the Parties have engaged in a good faith effort to resolve the issue prior to any
18 application to the Court.  Nothing in this Stipulation shall restrict the use or disclosure by a Party
19 of information that it alone has designated as Confidential.  In addition, this Stipulation shall not
20 limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have
21 under common law or pursuant to any state, federal, or foreign statute or regulation, and/or
22 ethical rule.

23
24 **Order Survives Termination.**  This Protective Order shall survive the termination of this
25 action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of
26 information disclosed hereunder. Upon final termination of this action, including all appeals, and
27 upon request by the Producing Party, the Receiving Party shall, at its option, either return to the

Producing Party or destroy all physical objects and documents which embody Confidential Information and which were received from the Producing Party, and shall destroy, in whatever form stored or reproduced, all other physical objects and documents produced by the Producing Party to the Receiving Party during the litigation. However, counsel for a Party shall be entitled to retain a copy of such Confidential Information, including, but not limited to, pleadings, correspondence, memoranda, notes, and other work product materials which contain or refer to such information, provided that all Confidential Information embodied in physical objects and document shall remain subject to this Order.

| | |
|---|---|
| Dated: May 6, 2020 | Dated: May 6, 2020 |
| ANDERSEN & BROYLES, LLP | HOGAN HULET PLLC |
| /s/ Karl J. Andersen<br>Karl Andersen, Esq.<br>Nevada State Bar Number 10306<br>5550 Painted Mirage Road, Suite 320<br>Las Vegas, Nevada 89149<br>*Attorneys for Plaintiffs* | /s/ Kenneth E. Hogan<br>Kenneth Hogan, Esq.<br>Nevada State Bar Number 10083<br>1140 N. Town Center Dr., Suite 300<br>Las Vegas, Nevada 89144<br>*Attorneys for Defendant Sergio Buenrostro* |

Dated: May 6, 2020

AKERMAN LLP

/s/ Donna M. Wittig
Donna Wittig, Esq.
Nevada State Bar Number 11015
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
*Attorney for Defendant Citibank*

**ORDER**

IT IS SO ORDERED.

DATED: 5-13-2020

_____
Cam Ferenbach
United States Magistrate Judge