1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

INJURYLOANS.COM, LLC, *et al.*,

Plaintiffs,

vs.

SERGIO BUENROSTRO, *et al.*,

Defendants.

And related Crossclaim and Third-Party Claim.

2:18-cv-01926-GMN-VCF

**ORDER**

Motion for Sanctions [ECF No. 106]; Motion to Quash [ECF No. 126]

Before the Court are plaintiffs Injuryloans.com, LLC and Adam Stokes's motion for sanctions against defendant Sergio Buenrostro and motion to quash subpoenas. (ECF Nos. 106 and 126). The Court grants both motions in part.

I.    **Background**

This case arises from allegations that defendant Buenrostro misappropriated plaintiffs' funds. (ECF No. 1). Plaintiffs argue in their motion for sanctions that this Court should enter an order precluding defendant from offering certain testimony at trial and make a criminal referral because defendant Buenrostro lied in his sworn declaration attached to his opposition to plaintiffs' motion for leave to amend. (See ECF No. 165 referencing ECF No. 75-3).  Buenrostro swore that he made cash withdrawals of approximately $200,000 from Citibank, with references to specific cash withdrawals, for plaintiff Adam Stokes, but discovery revealed that the many of the cash withdrawals Buenrostro references in the declaration were cash designations to third-parties or paid to Buenrostro's joint account with his wife. (ECF No. 106 at 1-16). Buenrostro argues in his response that he did make cash payments to Stokes, but that he made an error in his declaration regarding some of the cash withdrawals. (ECF No.

114 at 3). Defendant argues that the alleged mistakes in the declaration were harmless because the Court granted plaintiffs' motion to amend. (*Id.*) Plaintiffs argue in their reply that there is no dispute that Buenrostro lied in his sworn declaration regarding at least $92,400 worth of the withdrawals and that he should be sanctioned. (ECF No. 125 at 3).

Plaintiffs argue in their motion to quash subpoenas that 1) communications between Stokes's counsel and the Nevada Department of Business and Industry, Financial Institutions Division ("NVFID") are not relevant and are not discoverable and 2) that the subpoenas seek documents protected by attorney-client privilege and/or work product. (ECF No. 126 at 1-5). Defendant Buenrostro argues in his response that the documents he requests in his subpoenas are not privileged and are relevant to his affirmative defenses and counterclaims. (ECF No. 129 at 8). Plaintiffs argue in their reply that the communications Buenrostro seeks were deemed confidential by the NVFID and that it is not proper for defendant to now seek these communications from plaintiffs' attorneys. (ECF No. 134 at 4).

## II.    Discussion

### A.  Motion for Sanctions

There are two sources of authority under which a district court can sanction a party who has provided falsified testimony: (1) the inherent power of federal courts to levy sanctions in response to abusive litigation practices; and (2) the availability of sanctions under Rule 37 where there has been flagrant, bad faith disregard of discovery duties. *Huntley v. City of Carlin*, No. 3:12-cv-00664-LRH-VPC, 2014 U.S. Dist. LEXIS 113573, at 3 (D. Nev. Aug. 14, 2014).  "[P]erjury should not be confused with inconsistencies in a party's deposition and trial testimony."  *Arnold v. Cty. of El Dorado*, No. 2:10-cv-3119 KJM GGH PS, 2012 U.S. Dist. LEXIS 112398 (E.D. Cal. Aug. 8, 2012).

"Due process concerns further require that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression 'threaten[s] to interfere with the rightful decision of the case.'" *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337,

348 (9th Cir. 1995) (quoting *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 591 (9th Cir. 1983). "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) (referencing *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)).

Buenrostro's sworn declaration in support of his opposition to Stokes's motion to amend states in relevant part:

10. I have reviewed the Citibank disclosures of activity in the S&S account…

…

12. The sum of these cash withdrawals is in excess of $200,000.

13. These cash withdrawals were made to provide payment to Adam Stokes…

14. Given that I could charge upon or write checks upon the S&S account, I had no reason to make $200,000 in cash withdrawals beyond supporting the structure Adam Stokes directed me to set in place.

(ECF No. 75-3 at 3-5).

The parties do not dispute that Buenrostro's statements regarding approximately $92,400 of the cash withdrawals were false and the Court finds that sanctions are appropriate. The defendant's excuse, that he made a mistake, is questionable because he swore that he reviewed the withdrawals prior to signing the sworn declaration. There is a question of fact regarding whether Buenrostro willfully deceived the Court or whether he carelessly signed a sworn declaration without reviewing the records. Buenrostro's declaration is part of the public record and may later be used to impeach his credibility but plaintiffs' proposal to silence Buenrostro or refer the case for criminal prosecution is a drastic remedy that raises due process concerns. Less drastic sanctions are available.

The Court sanctions defendant Buenrostro and orders that he pay a total of $5,000 in monetary sanctions as follows: 1) defendant Buenrostro must pay $2,500 in monetary sanctions to the Clerk, U.S. District Court, District of Nevada, to be credited to the Crime Victims Assistance Fund, and 2) defendant must pay $2,500 to plaintiffs to offset some of the litigation costs and fees associated with bringing this motion and defending themselves against Buenrostro's false statements. Defendant must pay the monetary sanctions within 30 days of this Order.

### B.  Motion to Quash

 "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that… requires disclosure of privileged or other protected matter[.]" FRCP 45(d)(3)(A)(iii). The Ninth Circuit has "yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash. The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc*., 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)). Modification of subpoena is generally preferred to outright quashing. *Linder v. Calero-Portcarrero,* 180 F.R.D. 168 (D.D.C. 1998), aff'd, 251 F.3d 178, 346 U.S. App. D.C. 117, 49 Fed. R. Serv. 3d (Callaghan) 757 (D.C. Cir. 2001).

The subpoenas defendant sent to plaintiffs' attorneys seek "any and all communications… pertaining to and between Injuryloans.com, LLC and/or Adam Stokes, Esq. and State of Nevada Department of Business & Industry Financial Institutions."  Plaintiffs has standing to quash the subpoenas to his attorneys regarding his claims of privilege and attorney/client privilege, but not relevance. Regardless, the subpoenas seek communications that may be relevant to defendant's counterclaims and affirmative defenses. The Court finds that the subpoenas are vague and could be interpreted to include privileged communications. The Court thus modifies the subpoenas and strikes the

words "pertaining to and" from the subpoenas. Communications pertaining to plaintiffs could include communications to their attorneys that are protected by attorney-client privilege and/or work product doctrine. Attorney-client privilege and/or work product doctrine does not extend to communications between the NVFID and plaintiffs' counsel (as representatives of Injuryloans.com, LLC and Adam Stokes). Plaintiffs' counsel has 30 days to respond to the subpoenas as modified.

ACCORDINGLY,

IT IS ORDERED that plaintiffs InjuryLoans.com, LLC and Adam Stokes's motion for sanctions is GRANTED IN PART: defendant Sergio Buenrostro has until Wednesday, August 19, 2020 to comply with this Order.

IT IS FURTHER ORDERED that plaintiffs' motion to quash is GRANTED IN PART: the subpoenas are modified as described within this Order and the deadline to comply is Wednesday, August 19, 2020.

DATED this 20th day of July 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE