**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INJURYLOANS.COM, LLC; ADAM STOKES, | )<br>)<br>) |
| Plaintiffs, | ) Case No.: 2:18-cv-01926-GMN-VCF<br>) |
| vs. | ) **ORDER**<br>) |
| SERGIO BUENROSTRO, *et al.*, | )<br>) |
| Defendants. | )<br>) |

Pending before the Court is the Motion to Exclude Destroyed or Unpreserved Evidence, (ECF No. 164), by Plaintiffs Adam Stokes and InjuryLoans.com, LLC ("Injury Loans"), (collectively, "Plaintiffs"). Defendant Sergio Buenrostro ("Defendant") filed a Response, (ECF No. 175), and Plaintiffs filed a Reply, (ECF No. 185).[1] For the reasons discussed below, the Court **DENIES** Plaintiffs' Motion to Exclude Destroyed or Unpreserved Evidence.

This case arises out of Defendant's alleged conversion of monies belonging to Injury Loans. (*See generally* Compl., ECF No. 1). Plaintiffs claim that Defendant defrauded Mr. Stokes and his business, Injury Loans, by selling company assets and depositing the proceeds in a third-party bank account while Mr. Stokes was in the hospital recovering from a brain injury. (Compl. ¶¶ 16, 18, 23). In contrast, Defendant claims that Mr. Stokes authorized all of the transactions and deposits that he made on behalf of Injury Loans. (Resp. to Mot. Exclude ("Resp.") 2:9–12, ECF No. 175).

---

[1] Defendant Citibank also filed a Response, (ECF No. 174), to which Plaintiffs Replied, (ECF No. 186). However, Citibank has already been dismissed form this case. (*See* Orders, ECF Nos. 197, 199).

During the initial round of discovery requests, Defendant provided hard copies of alleged email exchanges between himself and Mr. Stokes, which demonstrate that Mr. Stokes directed Defendant to place company money in the third-party account. (Mot. Exclude 3:2–4:12); (Emails, Ex. 1 to Mot. Exclude, ECF No. 164-1); (Resp. 2:13–15).  However, during the second round of discovery, when Plaintiffs requested that Defendant provide the metadata for these emails, Defendant was unable to do so. (Mot. Exclude 7:10–10:13).  Additionally, Defendant allowed Plaintiffs and their counsel to access Defendant's personal computer, under the supervision of Defendant's counsel. (*Id.* 10:15–22).  After an investigation of Defendant's personal email account, Plaintiffs were still unable to locate the emails in question. (*Id.* 10:22–11:8).  Plaintiffs claim that Defendant forged the emails, which explains why he cannot produce the metadata or currently locate them on his email account. (*Id.* 11:16–20).  On April 16, 2021, Plaintiffs filed the present Motion, which asks the Court to exclude the allegedly fake emails from evidence during trial under Federal Rule of Civil Procedure 37(e)(1), or in the alternative, impose an adverse inference regarding the emails under Rule 37(e)(2), because Defendant failed to preserve electronically stored information. (Mot. Exclude 14:5–7, 16:15–22).

In response, Defendant claims that the emails are not forged and that the reason he cannot currently produce them is because someone, likely Mr. Stokes, hacked into his email account and deleted them. (Resp. 7:21–25).  Defendant explains that Mr. Stokes had access to Defendant's personal email because Mr. Stokes is in possession of the computer that Defendant used while he was employed at Injury Loans, and that computer has access to Defendant's personal email account. (*Id.* 3:11–13).  Defendant also claims that he has been alerted to several unauthorized sign-in attempts to his personal email account. (*Id.* 2:25–3:5).  Additionally, Defendant points out that at the time the present Motion was filed, discovery was ongoing, and Defendant intended to seek further discovery regarding Mr. Stoke's computer, as well as the

computer and server that Defendant used at Injury Loans, in order to address Plaintiffs' claims of forgery and failure to preserve electronically stored information. (*Id.* 5:9–12, 5:24–26).

The Court finds that Plaintiffs' Motion to exclude evidence is premature because discovery on the email issue was still ongoing at the time this Motion was filed. In fact, discovery did not close until February 4, 2022, which is nearly a year after the present Motion was initiated. (*See* Order Granting Stipulation for Extension of Time, ECF No. 194). It would not be prudent for the Court to exclude the emails based on Defendant's alleged failure to properly preserve electronic evidence under Rule 37(e), if the subsequent discovery may yet still produce evidence that Plaintiffs themselves were involved in deleting the emails. *See Briggs v. Phebus*, No. 12-2145, 2013 WL 4039430, at *3–4 (E.D. La., Aug. 7, 2013) (denying a motion in limine because discovery was still ongoing as to the issue briefed in the motion).

Additionally, while Plaintiffs characterize their Motion as one for discovery sanctions, Plaintiffs specifically request "that the Court *exclude* from the use at trial any mention, exhibit, or other use of the Fake Emails by Defendant." (Mot. Exclude 16:16–20). "[A]ny motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered" is considered as one in limine. *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984). Therefore, the Court treats Plaintiffs' Motion to exclude evidence under Rule 37(e) as one in limine. *See, e.g.*, *Gomez v. Metropolitan Government of Nashville & Davidson County*, No. 3:19-cv-00026, 2021 WL 3406687, at *1 (treating a Rule 37(e)(1) Motion requesting the exclusion of unpreserved evidence as motion in limine); *Rover Pipeline LLC v. 1.23 Acres of Land*, No. 17-10365, 2019 WL 989281, at *2 (E.D. Mich., Mar. 1, 2019) (recognizing a request for exclusion of evidence under Rule 37(c) as a motion in limine). Under Local Rule 16-3(a), "[m]otions in limine will not be considered unless the movant attaches a statement certifying that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action." Because Plaintiffs' Motion

does not include such a statement, the Court will not consider Plaintiffs' Motion at this time. Accordingly, the Court denies Plaintiffs' Motion to Exclude Destroyed or Unpreserved Evidence, but without prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Exclude Evidence, (ECF No. 164), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to File Supplement, (ECF No. 195), is **DENIED as moot**.[2]

**DATED** this __24__ day of March, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] Plaintiffs' moved to file a supplement to their Reply to Citibank's Response to the Motion to Exclude. Citibank has already been dismissed from this case. (*See* Orders, ECF Nos. 197, 199).